**Fernando PRATTS, Plaintiff–Appellant,**

v.

**Phillip COOMBE, Ex–Commissioner, Hubert Speckard, Morgan, Dr., Mary Doe, Nurse Administrator, Lester Wright, Dr., Defendants–Appellees.**

**Docket No. 02–0114.**

United States Court of Appeals, Second Circuit.

March 7, 2003.

Fernando Pratts, Attica, N.Y., for Appellant, pro se.

Present: STRAUB, KATZMANN and RAGGI, Circuit Judges.

### SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED IN PART and VACATED AND REMANDED IN PART with instructions.

Plaintiff–Appellant Fernando Pratts ("Pratts"), *pro se,* appeals from an April

15, 2002 judgment of the District Court *sua sponte* dismissing his amended complaint* with prejudice pursuant to 28 U.S.C. § 1915A. Pratts brings his claim under 42 U.S.C. § 1983, alleging that the defendants-appellees, various prison officials and employees, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.**

In his amended complaint, Pratts alleges that in January 1992, while an inmate at Attica Correctional Facility ("Attica"), he fell and aggravated a chronic back problem. A CT Scan on Pratts' spine showed no evidence of herniated or protruding disks. Pratts was treated with pain medication until his transfer to Groveland Correctional Facility ("Groveland") in September 1992. Upon his transfer, Pratts allegedly told Defendant–Appellee Dr. Morgan that his legs were feeling numb and weak and that his back hurt. Morgan allegedly responded that the prior CT Scan was clear and that, if Pratts continued to lie about his condition, Dr. Morgan would place him "in the Box." Pratts further alleges that he asked to be taken to an outside hospital for an MRI, but Dr. Morgan and Defendant–Appellee Nurse Doe told him the State could not afford it. They also allegedly told Pratts that, if he continued to complain, he would "find [him]self in a bus to Attica." Around July 1999, Pratts was transferred to Livingston Correctional Facility ("Livingston"), where an MRI was performed and Pratts eventually underwent surgery on his back.

In dismissing the complaint, the District Court held that: (1) Pratts' claims against the defendants in their official capacities were barred by the Eleventh Amendment; (2) Pratts had not alleged the personal involvement of Defendants–Appellees Coombe, Wright, or Speckard and could not rely on a theory of *respondeat superior* with respect to those defendants; (3) the applicable three-year statute of limitations barred Pratts' claims based on events that had occurred prior to January 10, 1999 and no tolling provisions applied; (4) the court would not consider claims based on events that occurred after July 1999, because Pratts had not named as defendants any personnel employed at Livingston; and (5) Pratts could not bring a § 1983 action based solely on his disagreement with the medical care provided by the defendants from January to July 1999.

We review *de novo* a district court's *sua sponte* dismissal of a prisoner complaint pursuant to § 1915A. *See Marvin v. Goord*, 255 F.3d 40, 42 (2d Cir.2001). Dismissal under that provision is mandatory where a complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Dismissal is also appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the plaintiff's pleading. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir.1995). Although we find no error in the District Court's legal conclusions, we vacate the court's dismissal with prejudice of Pratts' complaint and instruct the court to dismiss without prejudice to the filing of a second amended complaint with respect to Pratts' allegations against the defendants in their individual capacities.

On appeal, Pratts has waived any challenge to the District Court's conclusion that all defendants are immune from suit in their official capacities. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d

---

* We note that Pratts apparently filed an amended complaint pursuant to Fed.R.Civ.P. 15(a), not at the District Court's behest.

** The defendants-appellees have notified this Court that because the complaint was dismissed before they were served, they will not participate in this appeal.

Cir.1995) (arguments not raised on appeal are waived). That portion of the District Court's judgment is therefore affirmed. Pratts has also not raised any argument with respect to the District Court's dismissal of the claims against Coombe, Speckard, and Wright for failure to plead those defendants' personal involvement in the complained-of actions. However, because Pratts will be given an opportunity to replead the factual basis of his claims against Dr. Morgan and Nurse Doe in their individual capacities, he should also be given an opportunity to replead his claims against Coombe, Speckard, and Wright in their individual capacities, including any allegations as to their personal involvement.

The District Court concluded that Pratts' allegations occurring prior to January 10, 1999 are barred by the statute of limitations. According to his complaint, Pratts' claims accrued in 1992 upon his transfer to Groveland, when the incidents with Dr. Morgan and Nurse Doe occurred. The District Court is correct that Pratts' complaint contains no information about the subsequent treatment he received between 1992 and July 1999. On appeal, however, Pratts argues that his deliberate indifference claim is not time-barred based on a theory of continuing violation.*** Pratts alleges: "From January of 1992 until 1999, plaintiff continuously sought and complained to defendants that he was experiencing pain in his back.... [D]uring plaintiff's stay at Groveland from 1992 to 1999, the only treatment he received for his back pain was pain medication." He also asserts that, while at Groveland, he "kept his mouth shut and endured the pain that he was experiencing," "out of fear of retaliation from the administration" based on other inmates' experiences after filing grievances.

Because Pratts has alluded on appeal to the existence of facts that may flesh out his allegations and establish the timeliness of his complaint, we believe he should be given an opportunity to replead his allegations before his complaint is dismissed with prejudice.**** Assuming Pratts repleads his factual allegations with the requisite specificity, the District Court can then reconsider whether Pratts has established a basis for overcoming the statute-of-limitations bar, see Pino, 49 F.3d at 53, and if so, whether he has succeeded in stating a claim for deliberate indifference against Dr. Morgan, Nurse Doe, and the

---

*** Although Pratts couches his theory as one of continuing treatment, the proper theory is that of continuing violation or harm. See, e.g., Cole v. Miraflor, No. 99 CV 0977, 2001 WL 138765, at *5–6 (S.D.N.Y. Feb. 19, 2001). See generally Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); Cornwell v. Robinson, 23 F.3d 694, 703–04 (2d Cir.1994).

**** Although we indicated in Pino, 49 F.3d at 53, that a plaintiff whose complaint is dismissed sua sponte on statute-of-limitations grounds should seek relief by filing a motion for reconsideration and alleging further facts to correct the deficiency, we also noted that "a court may deem it appropriate to dismiss the complaint, with leave to replead within a specified time to overcome a manifest deficiency in the initial pleading." While it was not clear to the District Court that Pratts had any basis for overcoming the time bar to his suit, on appeal he has alleged facts that might suffice. Accordingly, we deem it appropriate to give him the opportunity to amend his complaint. Cf. Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795–96 (2d Cir.1999) (per curiam) ("[A] pro se complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated ..." (internal quotation marks omitted)); Morales v. Mackalm, 278 F.3d 126, 132–33 (2d Cir.2002).

prison officials in their individual capacities.

Accordingly, we remand to the District Court with instructions to dismiss without prejudice to the filing of a second amended complaint, within a specified time period of the court's choosing, with respect to Pratts' allegations against the defendants in their individual capacities. The District Court may wish to instruct Pratts that he should address in detail the deficiencies in his medical treatment between September 1992 and July 1999 and the actions he took with respect to the individual defendants to obtain treatment during that period. He should also set forth any facts concerning the personal involvement of defendants Coombe, Wright, and Speckard. Further, because Pratts' pursuit of a continuing violation claim requires him to plead both an ongoing policy of deliberate indifference and "some non-time-barred acts taken in furtherance of that policy," *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir.1999), he must be able to allege as to each defendant named, facts evidencing deliberate indifference after January 10, 1999.

For the reasons set forth above, the district court's judgment is AFFIRMED IN PART and VACATED AND REMANDED IN PART for further proceedings not inconsistent with this order.