**Timothy CARROLL, Plaintiff-Appellant,**

**v.**

**Frank WILKERSON and William Lucas (84–1291), County of Wayne (84–1292), Defendants-Appellees.**

**Nos. 84–1291, 84–1292.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 6, 1986.

Decided Jan. 23, 1986.

As Amended March 12, 1986.

Julie H. Hurwitz (argued), Deborah La-Belle (argued), Detroit, Mich., for plaintiff-appellant.

Richard Kudla, John D. O'Hair, Glen H. Downs (argued), Detroit, Mich., for defendants-appellees.

Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and PORTER, District Judge.[*]

---

[*] The Honorable David S. Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation.

PER CURIAM.

The plaintiff, who claimed to have been assaulted and raped by other inmates while in the Wayne County Jail for violating probation, brought this action pursuant to 42 U.S.C. § 1983 against the Wayne County sheriff and the administrator of the Wayne County Jail, and against the County. The district court dismissed the claims against the sheriff and jail administrator upon finding that they were barred by the applicable state statute of limitations. Subsequently, the district court granted summary judgment in favor of the County upon finding that the sheriff and the sheriff's administrative staff, rather than the County, were responsible for the operation of the jail and that after their dismissal from the case there was no viable defendant. The plaintiff appealed both orders, and the two appeals were consolidated by this court.

■ There have been several significant decisions by the Supreme Court of the United States and by this court since the district court entered its orders in this case. In *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court determined that all section 1983 claims should be characterized in the same way for limitations purposes and that such claims are best characterized as personal injury actions. In *Garcia* the Supreme Court then decided that the applicable state statute of limitations which applied generally to personal injury actions was the proper one to be applied in that section 1983 case. In *Mulligan v. Hazard,* 777 F.2d 340, (6th Cir.1985), this court determined that *Wilson v. Garcia* should be applied retroactively. If the district court had had the benefit of the decisions in *Wilson v. Garcia* and *Mulligan v. Hazard* it would have been compelled to conclude that the present section 1983 action was subject to the three-year statute of limitations for personal injury claims set forth in MCLA § 600.5805(8). Accordingly, the orders dismissing the claims against Wilkerson and Lucas must be vacated and the case remanded for further proceedings with respect to those claims.

■ With respect to the claim against Wayne County, it appears that a decision of this court rendered after the decision of the district court undercuts the reasoning of the district court in dismissing the claims against the County. In *Marchese v. Lucas,* 758 F.2d 181 (6th Cir.1985), this court held Wayne County liable for the acts of the county sheriff in a section 1983 action alleging mistreatment of a prisoner in the county jail. In reaching this conclusion, this court relied in part on the decision of the Supreme Court of the United States in *Brandon v. Holt,* —— U.S. ——, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). These recent decisions require reversal of the order dismissing the claims against Wayne County.

The judgments appealed from are reversed. The claims against Wilkerson and Lucas are remanded for further proceedings and the claims against Wayne County are remanded for reconsideration in the light of *Brandon v. Holt* and *Marchese v. Lucas,* and such further proceedings as may be required. Upon remand the district court will also consider the recent decisions of the Supreme Court in *Daniels v. Williams,* —— U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and *Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).