793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DELO D. BROCK, JR., Plaintiff-Appellant,
v.
STATE OF TENNESSEE, RUSSELL C. HINSON, and DON W. POOLE,
Defendants-Appellees.
 85-5979
 United States Court of Appeals, Sixth Circuit.
 5/7/86
 
 AFFIRMED
 E.D.Tenn.
 ORDER
 BEFORE: CONTIE and RYAN, Circuit Judges; BROWN, Senior Circuit Judge.
 
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the dismissal of his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant is currently incarcerated for armed robbery and murder, pursuant to a conviction on March 18, 1980. He filed his action pursuant to 42 U.S.C. Sec. 1983 on October 26, 1985, alleging that he was deprived of his liberty without due process of law by the trial court's refusal to conduct a 'mental evaluation' and by his trial attorney's failure to object to placing appellant on trial without a mental examination. The district court dismissed the complaint as barred by the statute of limitations.
 
 
 3
 The district court correctly concluded that Sec. 1983 actions are properly characterized as personal injury actions for purposes of determining the applicable statute of limitations. Wilson v. Garcia, ---- U.S. ----, 105 S.Ct. 1938 (1985). In Tennessee, the statute of limitations for personal injury suits is one year. Tennessee Code Annotated Sec. 28-3-104. Since the 'injury' complained of in appellant's complaint occurred in 1980, and he did not file suit until 1985, his action is barred. Mulligan v. Hazard, 777 F.2d 340 (6th Cir. 1985); Carroll v. Wilkerson, et al., 782 F.2d 44 (6th Cir. 1986).
 
 
 4
 Moreover, as the district court held, even if appellant's suit were not barred by the statute of limitations, his complaint was still subject to dismissal for failure to state a Sec. 1983 cause of action. First, there is nothing in the complaint suggesting that appellant's retained trial counsel was acting under color of state law. Second, the state trial judge named as a defendant in this suit was entitled to absolute immunity for the reasons stated by the district court. See King v. Love, 766 F.2d 962, 966 (6th Cir.), cert. denied ---- U.S. ----, 106 S.Ct. 351 (1985). If appellant had a cause of action available to him, it would have been a habeas corpus proceeding under 28 U.S.C. Sec. 2241 et seq.
 
 
 5
 It appears that the questions on which this cause depends are so unsubstantial as to not need further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that appellant's motion for appointment of counsel be denied and the order of the district court be affirmed.