871 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virginia B. KING, Plaintiff-Appellant,
v.
Geoffrey P. EMERY, et al., Defendants-Appellees.
 No. 88-5364.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 King appeals the district court's dismissal of her civil rights claim under 42 U.S.C. Sec. 1983 against defendant Benny Walker, for wrongful eviction in March of 1985, as time barred under the one-year Tennessee Statute of Limitations governing Sec. 1983 actions. We affirm.
 
 
 2
 In 1985, an application for execution on a General Sessions Court judgment was issued by the General Sessions Court clerk. Defendant Benny Walker, a deputy sheriff, evicted plaintiff King from her home in accordance with the order of execution received from the General Sessions Clerk, in March of 1985. That execution was the last action alleged by King that involved officer Walker. King brought this action on January 7, 1987, some twenty-two months after the last action of defendant Walker with regard to King in this case.
 
 
 3
 King alleges that her constitutional rights to notice and a hearing before being deprived of her property were violated when she lost her home during a non-judicial foreclosure sale. Following eviction from her home, King also lost her personal property in a warehouse fire. King filed a civil rights action under 42 U.S.C. Sec. 1983 and asked for declaratory judgment under 28 U.S.C. Secs. 2201 and 2202. The district court dismissed all the defendants stating that a private foreclosure sale pursuant to a deed of trust was not "state action" or "under color of state law" for purposes of 42 U.S.C. Sec. 1983. The district court also dismissed defendant Walker stating that his actions were taken in good faith in the execution of judicial process and, therefore, were not actionable under 42 U.S.C. Sec. 1983. The Court of Appeals for the Sixth Circuit affirmed the district court's judgment dismissing the action against all defendants except for Walker. The Court of Appeals vacated the district court's judgment dismissing the action against Walker declaring that the district court applied the wrong standard when it used a good faith subjective test to determine whether the deputy sheriff was immune. The Court of Appeals remanded for further proceedings for the purpose of applying an objective test whether plaintiff's rights were clearly established at the time of the alleged violation. See Davis v. Cherer, 468 U.S. 183 (1984); Harlow v. Fitzgerald, 457 U.S. 800 (1982).
 
 
 4
 In Wilson v. Garcia, 471 U.S. 261, 276 (1985), the Supreme Court held that the personal injury statutes of limitations of the various states control actions under 42 U.S.C. Sec. 1983. See also Owens v. Okure, --- S.Ct. ----, 57 U.S.L.W. 4065 (U.S. Jan. 10, 1989). The Sixth Circuit has consistently applied the Tennessee one-year statute of limitations for personal injury in Sec. 1983 actions subsequent to the decision in Wilson v. Garcia. Cf. Bernt v. State of Tennessee, 796 F.2d 879 (6th Cir.1986); Carol v. Wilkerson, 782 F.2d 44 (6th Cir.1986) cert. denied 107 S.Ct. 330. Tenn.Code Ann. Sec. 28-3-104 (1988) provides that the statute of limitations for personal injury accidents is one year from the time of the accrual of the action. At the latest, her cause of action accrued at eviction in March, 1985. King did not file her cause of action until twenty-two months later. Her action, therefore, is time barred under the applicable Tennessee statutes.
 
 
 5
 For the reasons stated above, we affirm.