951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth WARDLAW, Plaintiff-Appellant,
v.
CITY OF DETROIT, et al., Defendants-Appellees.
 No. 91-1663.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1991.
 
 Before BOYCE F. MARTIN JR. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Kenneth Wardlaw appeals, without benefit of counsel, from an order of the district court which dismissed his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Kenneth Wardlaw brought suit against the Mayor of Detroit, Michigan, the City of Detroit, the Detroit Police Department, several individually named police officers, and a private citizen named Penny Mabin.
 
 
 3
 The district court ruled that Wardlaw failed to state a claim upon which relief may be granted against defendant Mabin. The court also concluded that Wardlaw's remaining claims were barred by the applicable statute of limitations.
 
 
 4
 Upon review, we find no error. The claim accrued on or between May 31, 1983, and April 3, 1984. Wardlaw filed suit in the United States District Court for the Eastern District of Michigan on April 6, 1990. Wardlaw exceeded the three year statute of limitations period contained in Mich.Comp.Laws § 600.5805(1) by approximately three years. See Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). Additionally, Wardlaw possesses no private right of action for monetary damages against Penny Mabin under 18 U.S.C. § 876.
 
 
 5
 Accordingly, the order of the district court is hereby affirmed for the reasons set forth in the court's opinion dated May 23, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.