993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John R. CRAWFORD, Plaintiff-Appellant,
v.
Lee SCHLAPPI; City of Ithaca; Ron Gruesbeck, Mayor,
Ithaca, Michigan; Ithaca City Council; Peter Sabo; Mark
Gates, Prosecutor, Gratiot County; the State of Michigan;
Burnet Davis, Chairman, Gratiot County Board of
Commissioners; Gratiot County Board of Commissioners,
Defendants-Appellees.
 No. 91-1695.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1993.
 
 1
 Before GUY and NELSON, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 John Crawford, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Crawford sued several defendants associated with the City of Ithaca, Michigan, stemming from events which took place in that city during December 1985. In a rambling and confusing complaint which used profane language, Crawford raised various allegations against the Ithaca Police Department and other city officials for assault, false imprisonment, kidnapping, defamation of character, libel, slander, and criminal assault against a civilian.
 
 
 4
 In the district court, Crawford requested to proceed in forma pauperis, and a magistrate judge recommended denying his request. At that time, the magistrate judge also put Crawford on notice that filing further pleadings which contained irrelevant and profane material could result in sanctions, including the dismissal of his complaint. Crawford continued to file numerous pleadings containing profane and inappropriate material. As a result, the magistrate judge recommended that the case be dismissed. Despite the magistrate judge's warning about his use of profanity and irrelevant material and the possible consequence of dismissal for the same, Crawford again used profane and inappropriate language in his objections to the magistrate judge's report. The district court adopted the magistrate judge's report and recommendation and dismissed the case.
 
 
 5
 Crawford has filed a timely appeal. He requests the appointment of counsel and leave to proceed as a pauper, although he already has paid the filing fee.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Crawford's § 1983 lawsuit as a sanction for filing numerous pleadings containing inappropriate and profane material. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam).
 
 
 7
 We also note that dismissal would have been proper even if the district court had not dismissed Crawford's lawsuit as a sanction, as he filed his complaint well beyond the applicable state statute of limitations. Michigan's three-year personal injury statute of limitations applies to a cause of action under § 1983. Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). All the events which pertain to Crawford's cause of action occurred in December 1985. Crawford did not file his complaint until September 25, 1989, long after the statute of limitations had expired. Although federal courts must apply the state's tolling statutes, Wilson v. Garcia, 471 U.S. 261 (1985), Michigan's tolling statute, see Mich.Comp.Laws §§ 600.5805 and 600.5851(3), does not save Crawford's lawsuit because he was not incarcerated at the time his claim accrued in December 1985, even though he is incarcerated now. Therefore, dismissal on the merits by the district court also would have been warranted.
 
 
 8
 Accordingly, we deny Crawford's request for pauper status as moot, deny his request for counsel, and affirm the district court's judgment for the reasons stated in the district court's opinion filed on May 24, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 Honorable Sandra S. Beckwith, United States District Court for the Southern District of Ohio, sitting by designation