57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Percy BURT, Plaintiff-Appellant,
v.
WAYNE COUNTY SHERIFF'S DEPARTMENT, et al., Defendants-Appellees.
 No. 94-2324.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1995.
 
 Before WELLFORD, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Percy Burt, a Michigan citizen, appeals pro se a district court judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Burt filed this action on June 6, 1994, against the Wayne County Sheriff's Department and several of its employees. The complaint alleged that the defendants had seized $53,000.00 in cash on June 1, 1990, during a search of a residence occupied by Burt's son following the son's arrest for drug trafficking. Burt alleged that the money belonged to him, but it was ordered forfeited as drug proceeds in a state court judgment entered on April 1, 1991. Burt alleged that the counsel Burt had retained to represent him in the state forfeiture proceeding failed to appeal that decision or to inform him of the availability of a federal remedy.
 
 
 3
 The matter was referred to a magistrate judge, who recommended that summary judgment be granted to defendants on the ground that the action was barred by the statute of limitations. The magistrate judge also noted that there were other bases for granting summary judgment, including issue preclusion. The district court adopted the recommendation over Burt's objections. On appeal, Burt argues that the alleged ineffective assistance of his retained counsel in the state court forfeiture proceedings should operate to toll the statute of limitations.
 
 
 4
 Upon review, we conclude that there is no genuine issue of material fact, and defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Actions under 42 U.S.C. Sec. 1983 arising in Michigan are governed by a three year statute of limitations. See Carroll v. Wilkerson, 782 F.2d 44 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). Using either the June 1, 1990, or the April 1, 1991, date as the accrual date, the suit filed on June 6, 1994, was beyond the three year limit. Burt's allegations of attorney misconduct do not serve to toll the running of the statutory period; his remedy for any such misconduct is a malpractice action. See Link v. Wabash R.R., 370 U.S. 626, 633-34 & n. 10 (1962). Moreover, Burt's complaint is also precluded because the same issues pressed here were decided against him in the state court proceeding. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81-83 (1984).
 
 
 5
 There is also a serious question, unnecessary to decide in view of our disposition of this case, whether plaintiff's claim is foreclosed by virtue of Parratt v. Taylor, 451 U.S. 527 (1981), and Hudson v. Palmer, 468 U.S. 517 (1984).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.