89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lary E. GRIMES, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION; Service Reporting Co.,
Defendants-Appellees.
 No. 95-1780.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1996.
 
 Before: CONTIE, SUHRHEINRICH and COLE, Circuit Judges.
 
 ORDER
 
 1
 Lary E. Grimes appeals pro se from a district court judgment that dismissed his civil action, filed under 42 U.S.C. §§ 1983 and 1985 as well as Michigan tort law. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Grimes sued the General Motors Corporation ("GM") and the reporting service that recorded his deposition in a discrimination case, which he had filed in state court. He alleged: 1) that the defendants violated the Fourth Amendment, when he was deposed by an attorney who had not filed an appearance in the state case; 2) that he suffered the intentional infliction of severe emotional distress because GM allowed the attorney to "defraud" him in this manner; 3) that these actions violated his right to privacy; and 4) that the defendants conspired against him because another member of GM's legal staff may have been related to a judge who later sentenced Grimes in a criminal matter. The district court adopted a magistrate judge's recommendation and dismissed the case on July 5, 1995. It is from this judgment that Grimes now appeals.
 
 
 3
 Grimes's first three claims were not timely filed under the applicable statute of limitations. These claims all accrued on April 6, 1990, when the appearance of GM's attorney was entered on the state court's docket, and no later than May of 1990, when Grimes accepted GM's settlement offer. See Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir.1991); Mascarenas v. Union Carbide Corp., 492 N.W.2d 512, 514 (Mich.Ct.App.1992). Hence, Grimes was required to raise the claims within three years of May 1990, and dismissal of the claims was proper because he did not file his federal complaint until September 6, 1994. See Mich.Comp.Laws Ann. § 600.5805(8); Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986).
 
 
 4
 The district court also properly determined that these claims were unavailing. The defendants were not state actors who may be liable for a Fourth Amendment violation. See Bills v. Aseltine, 958 F.2d 697, 703-04 (6th Cir.1992). Moreover, Grimes's state tort claims were barred by Michigan's res judicata rule, as they could have been raised in the state action. See Gursten v. Kenney, 134 N.W.2d 764, 766-67 (Mich.1965). Grimes now argues that his first three claims included an allegation of conspiracy under 42 U.S.C. § 1985(3). This conspiracy claim is also unavailing because it is untimely under the applicable statute of limitations.
 
 
 5
 Grimes has abandoned his fourth claim by failing to raise it in his initial brief on appeal. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986). We note, nonetheless, that the dismissal of this spurious claim was appropriate because it was both speculative and conclusory. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 6
 Grimes has raised several arguments regarding various procedural rulings by the district court. However, these arguments all lack merit, and none of them is critical to our rationale for affirming the dismissal of this case.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.