**Norman J. FLEECE, Plaintiff–Appellant,**

v.

**Janice RHINES, David C. Rhines; Jill Mclocklin, Defendants–Appellees,**

**James BOWEN, Defendant.**

No. 00–1385.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

Norman J. Fleece, a pro se Michigan resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Fleece also raised the state law tort claims of false imprisonment, assault, and battery. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Fleece sued four Oakland County (Michigan) sheriff's deputies contending that he was unlawfully arrested and assaulted by the defendants. The alleged incident occurred on December 4, 1992. However, the complaint was not filed until May 4, 1999. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint as being barred by the applicable statute of limitations.

In his timely appeal, Fleece's brief is construed as continuing to argue the merits of his complaint.

As the district court dismissed Fleece's complaint under Fed.R.Civ.P. 12(b)(6), the district court's judgment is reviewed de novo. See Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996).

Fleece's complaint was barred by the applicable statute of limitations. Fleece alleged in his original complaint that on December 4, 1992, the defendants apprehended him on the basis of an invalid warrant. The defendants allegedly forced their way into Fleece's bedroom and, although he was undressed, insisted that he leave. Fleece asserted that the defendants assaulted him, forcing him to fall down the interior stairs of his home. Fleece claims that the defendants hit, kicked, and attacked him even though he was completely helpless and offered no resistance.

Fleece filed his complaint against the defendants on December 2, 1994. In September 1996, Judge Denice Langford–Morris of the Oakland County (Michigan) Circuit Court determined in a separate criminal proceeding that Fleece was incompetent to stand trial and ordered him committed to the Department of Mental Health for treatment. On November 20, 1996, the district court sua sponte dismissed Fleece's civil complaint, without prejudice, in light of his incompetency to stand trial. The district court ordered that "[a]t such time as plaintiff is determined and declared competent to stand trial, he may refile his complaint with this Court [and] . . . that the statute of limitations applicable to plaintiff's claim is hereby tolled." After several months of treatment, Fleece was deemed competent to stand trial. He pleaded guilty to a crime in March 1997, and was sentenced to one year of imprisonment. Fleece refiled his complaint with the district court on May 4, 1999, and filed his first amended complaint on May 7, 1999. The defendants argue that because Fleece was deemed competent to stand trial sometime in March 1997, but did not file his current action until May 1999, his claims are time barred under Michigan's applicable statute of limitations.

The district court noted that the events at issue occurred on May 4, 1992. Fleece had until December 4, 1994, to file his state law claims and until December 4, 1995, to file his federal claims. The original complaint was filed two days before the limitations period had run on the state law claims and one year and two days before the time the federal claims had expired. The court noted in its order of November 20, 1996, dismissing the case that Fleece could refile his complaint once he was de-

clared competent to stand trial. The order also provided that the applicable statute of limitations was tolled. As a precise date in March 1997 when Fleece was declared competent was unknown to the district court, the court gave Fleece the benefit of the doubt and determined that the statute of limitations began to run on April 1, 1997. Because of the tolling, Fleece had only until April 3, 1997, and April 3, 1998, to refile his state and federal claims respectively. However, Fleece did not refile his complaint until May 4, 1999. Because the complaint was untimely, the district court found that Fleece's claims were barred by the applicable statutes of limitations.

Under Michigan law, Fleece's false imprisonment, assault, and battery claims are subject to a two year statute of limitations. *See* Mich. Comp. Law § 600.5805(2). Fleece's § 1983 claim is governed by Michigan's three-year statute of limitations. *See Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir.1986). The district court's order of November 20, 1996, explicitly states that Fleece may refile his complaint when he is declared competent to stand trial. Further, the court ordered the statute of limitations to be tolled until a determination of Fleece's competency to stand trial was made. Since Fleece was declared competent in March 1997, the court's order tolling the statute of limitations expired. As a result, Fleece's May 4, 1999, complaint was untimely as it was filed beyond the time he had left to file his complaint.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.