Clarence OTWORTH, Plaintiff–Appellant,

v.

Allan VANDERPLOEG and Harry Knudsen, Defendants–Appellees.

Nos. 02–2035, 02–2201.

United States Court of Appeals, Sixth Circuit.

March 19, 2003.

Before CLAY and ROGERS, Circuit Judges; and COFFMAN, District Judge.*

## ORDER

Clarence Otworth, a Florida resident proceeding pro se, appeals the district court order granting summary judgment to the defendants and the order requiring him to file an appeal bond in this action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $200,000 in damages, Otworth sued attorneys Allan Vanderploeg and Harry Knudsen in October 2001. Otworth alleged that the defendants conspired to fraudulently incorporate the Village of

---

* The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Lakewood Club (Lakewood) in Muskegon County, Michigan, in 1967. Otworth, who owns property in Lakewood, claimed that the illegal incorporation subjected him to illegal property taxes and deprived him of the use of his property. Otworth moved for summary judgment against the defendants, and the defendants moved for summary judgment against Otworth. The district court granted summary judgment in favor of the defendants. The court also granted Knudsen's motion to require Otworth to file an appeal bond. *See* Fed. R.App. P. 7.

On appeal, Otworth argues that: (1) he was denied his rights to privileges and immunities, due process, and equal protection under the Constitution; (2) the defendants were state actors because they conspired with state officials; (3) his claim was timely because he discovered the illegal incorporation in September 2001; (4) he owned his land in Lakewood since his parents gave it to him; (5) there were material issues of fact precluding summary judgment, and (6) the district court abused its discretion in granting Knudsen's motion for bond on appeal.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we affirm the district court's decision for the reasons stated by the district court. The essential facts are not in dispute. Otworth's father acquired eight lots of land in Muskegon County in 1950. In 1967, Defendant Vanderploeg, an attorney acting on the behalf of some residents of Muskegon County, filed documents with the county's board of supervisors to incorporate Lakewood. Defendant Knudsen, an attorney retained by the board of supervisors, advised the board on the requirements and procedures for the incorporation. Otworth inherited the property in 1994. In 1996, he sought a building permit. The Lakewood Site Plan Review Board rejected his application. Otworth alleged that, as a result of the allegedly illegal incorporation, he has been unable to build a house on his land for the last six years and is subject to illegal property taxes, ordinances, and guidelines imposed by Lakewood.

■ The defendants were entitled to a judgment as a matter of law. First, Otworth's complaint was barred by the statute of limitations. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.1986). Otworth had reason to know that he was subject to Lakewood's building restrictions, ordinances, and taxes when he inherited the Lakewood property in 1994. *See Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996). Moreover, he first encountered difficulty acquiring a building permit in 1996, five years before he filed suit. Otworth's arguments that he "discovered" Lakewood's allegedly illegal incorporation in 2001 and was liable for taxes that year are without merit. He cannot bring suit in 2001 for acts that took place in 1967.

■ Second, neither Vanderploeg nor Knudsen are subject to suit under § 1983. A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). It is undisputed that Vanderploeg represented a group of

Muskegon County residents when he submitted the documents to incorporate Lakewood, and that Knudsen was a private attorney retained to advise the county board of supervisors. As private attorneys representing private citizens, they were not acting under color of state law. *See id.* Otworth's conclusory allegations that the defendants acted under color of state law because they conspired with state officials do not create a genuine issue of material fact which precludes summary judgment. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

■ Third, Otworth presented no proof that the defendants deprived him of a federal right. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Otworth asserted that Lakewood's incorporation in 1967 did not comply with Michigan's constitution and statutes, but a violation of state law cannot support a cause of action under § 1983. *See id.* Otworth also alleged that Lakewood's rules and regulations were equivalent to confiscation under the Fifth Amendment, and claimed that he is being denied privileges and immunities, due process, and equal protection. However, he presented no proof that either Vanderploeg or Knudsen had anything to do with the decisions or regulations that prevented him from building a home or imposed taxes on his property.

Finally, we find no abuse of discretion in the district court's decision to require Otworth to file an appeal bond under Fed. R.App. P. 7. For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.