Robert L. NORWOOD, as next friend for Corey Alexander Norwood and Destiny Alexis Norwood, Plaintiff–Appellant,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS; et al., Defendants–Appellees.

No. 02–1779.

United States Court of Appeals, Sixth Circuit.

May 23, 2003.

Before COLE, GILMAN, and
BRIGHT,* Circuit Judges.

## ORDER

Robert L. Norwood, a pro se Michigan prisoner, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking over $35 million in damages, injunctive relief, and a temporary restraining order, Norwood sued the Michigan Department of Corrections (MDOC), Michigan Parole Board Chairman Stephen Marschke, Parole Agent Nancy Wasso, Parole Supervisor Rojellio Castillo, MDOC Director Bill Martin, MDOC Assistant Director Dan Bolden, and MDOC employees Mary Greco, Kay Eyer, and John Doe. Norwood, an African–American, alleged that the defendants denied him his rights under the First and Fourteenth Amendments when they conspired to cause his parole to be revoked out of retaliation and because of his race. The district court dismissed the complaint for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. The court also denied Norwood's request for a temporary restraining order, his motion for reconsideration, and his motion to amend his complaint.

In his timely appeal, Norwood argues that: (1) Marschke's actions constituted a

continuing violation of Norwood's rights and a pattern of discrimination; (2) his challenge to the revocation of his parole is cognizable under § 1983 because habeas corpus is unavailable; (3) he named all of the defendants in their individual capacities in the body of his complaint; and (4) his motion for a temporary restraining order was not moot because his underlying claims were meritorious. Norwood also moves for miscellaneous relief on appeal.

Initially, we note that Norwood has waived the issue of the MDOC's immunity by not raising it on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). Moreover, we need not address Norwood's final argument because the denial of a motion for a temporary restraining order is not appealable. *See* 28 U.S.C. § 1292(a)(1); *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, AFL–CIO,* 473 U.S. 1301, 1303–05, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985).

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). Upon review, we affirm the district court's order for the reasons stated by the district court.

█ First, Norwood could not base a § 1983 claim on the revocation of his parole. Norwood's allegation that the defendants conspired to revoke his parole necessarily implies the invalidity of his confinement, and he has not shown that his parole revocation has been overturned by either a Michigan state court or a federal habeas corpus decision. Such a claim is not cognizable under § 1983. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Norwood's argument that his challenge to his parole revocation is cognizable under § 1983 because he has no habeas remedy is without merit. Norwood claims that he could not have appealed or challenged the revocation hearing because the defendants refused to provide him with a free transcript. Plaintiffs who are no longer in prison have no habeas remedy to challenge constitutional wrongs underlying a conviction. *See Jenkins v. Haubert,* 179 F.3d 19, 26 (2d Cir.1999). That, however, was not Norwood's situation. Norwood challenged the revocation of his parole, and a 28 U.S.C. § 2254 petition for a writ of habeas corpus is the proper avenue for such a challenge. *See Morrissey v. Brewer,* 408 U.S. 471, 485–89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Moreover, Norwood has cited no federal decision requiring the state to provide a free transcript of parole revocation proceedings. The district court properly held that *Heck* barred Norwood's claim.

Second, we agree with the district court that any claims based on threats allegedly made by Marschke in 1989, 1991, and 1992 were barred by the statute of limitations. *See* Mich. Comp. Laws § 600.5805(8); *Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir.1986). Norwood did not file his district court complaint until June 2002, so his claims accrued more than three years before he filed his complaint. The district court properly raised the issue sua sponte because it appeared on the face of Norwood's complaint. *See Pino v. Ryan,* 49 F.3d 51, 53–54 (2d Cir.1995).

Norwood's argument that Marschke's actions constituted a continuing violation of his rights is without merit. The long gap from the most recent threat in 1992 and the revocation of his parole in 1999 refutes Norwood's suggestion of an ongoing, continuous series of discriminatory acts. *See Haithcock v. Frank,* 958 F.2d 671, 677 (6th Cir.1992). Moreover, Nor-

wood cannot evade *Heck's* bar on § 1983 challenges to parole revocations by labeling his cause of action a retaliation claim.

Similarly, Norwood's argument that the district court erred by finding that he sued some of the defendants in their official capacities does not entitle him to any relief. The capacity in which Norwood sued the defendants does not matter because his claims were barred by *Heck* and the statute of limitations.

Accepting all of Norwood's factual allegations as true, he can prove no set of facts that would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.