**Dwight M. BAKER, Plaintiff–Appellant,**

v.

**Michael A. SMITH and Freddie G. Burton, Jr., Defendants–Appellees.**

No. 02–1485.

United States Court of Appeals, Sixth Circuit.

July 31, 2003.

Before: DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

## ORDER

Dwight M. Baker, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 23, 2000, Baker filed a complaint against Attorney Michael A. Smith. Smith had been appointed on September 26, 1996, to represent Baker on appeal from a Wayne County, Michigan, Probate Court order terminating his parental rights to his son, Andre. Baker subsequently filed an amended complaint to add Wayne County Probate Court Judge Freddie G. Burton, Jr., as a defendant. Judge Burton presided over the probate court proceedings involving Andre and on July 11, 1996, entered an order terminating Baker's parental rights and awarding permanent custody of Andre to the probate court. Judge Burton appointed Smith to represent Baker on appeal from the July 11, 1996, order.

Baker alleged that the defendants violated, and conspired to violate, his constitutional rights. Baker alleged that Smith violated his rights by not taking "any legal action on [his] behalf" and by not representing him on appeal from the probate court order despite the court appointment. Baker alleged that Judge Burton failed "in his administrative capacities to exercise proper guidance, direction and control in the processing of [his] appeal and/or appellate packet from July 11, 1996 thru October 29, 1996." As relief, Baker sought return of Andre to his care and custody, the state probate proceedings to "be de-

*clared a mis-trial,"* and monetary relief in the amount of $1,500,000 from Judge Burton and $500,000 from Smith.

Judge Burton filed a motion to dismiss the complaint and Smith filed a motion for summary judgment, to which Baker replied. A magistrate judge filed a report in which she recommended that the defendants' motions be granted. Over Baker's objections, the district court accepted and adopted the magistrate judge's report and recommendation and granted the defendants' motions. The district court subsequently denied Baker's motion for reconsideration. Baker now appeals.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *James v. Meow Media, Inc.,* 300 F.3d 683, 689 (6th Cir.2002), *cert. denied,* 537 U.S. 1159, 123 S.Ct. 967, 154 L.Ed.2d 893 (2003); *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed. R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum,* 58 F.3d at 1109; *accord James,* 300 F.3d at 689. We also review de novo the district court's grant of summary judgment. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ Upon review, we conclude that the district court properly dismissed Baker's complaint. The district court properly granted Judge Burton's motion to dismiss because Judge Burton is entitled to judi-cial immunity from suit for monetary damages. *See Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The district court properly granted Smith's motion for summary judgment because, as a private attorney, Smith is not a state actor subject to liability under § 1983. *See* 42 U.S.C. § 1983; *Flagg Bros. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir.1998). Although private citizens acting in concert with state officials may be subject to § 1983 liability, *Dennis v. Sparks,* 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), Baker offered no factual support or evidence upon which a conspiracy could be based.

■ Furthermore, Baker's complaint was properly dismissed because it is time-barred. *See* Mich. Comp. Laws Ann. § 600.5805(9) (West Group 2002); *Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir. 1986). Baker complains of events that occurred prior to June 1997. Baker's complaint, however, was filed on October 23, 2000, well beyond the expiration of the applicable three-year limitations period. Because Baker has failed to articulate any continual unlawful acts or omissions occurring after May 1997, his continuing violation theory fails. *See McCune v. City of Grand Rapids,* 842 F.2d 903, 905 (6th Cir. 1988).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.