**Stacy HAWKINS, Plaintiff–Appellant,**

v.

**Daniel SPITTERS; Charlotte Tursky; Helen Thompson; Larry Kozyra; Richard Huff; Melanie Brim, Defendants–Appellees.**

No. 02–2312.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2003.

Before BATCHELDER and COLE, Circuit Judges; and HOOD, District Judge.*

*ORDER*

Stacy Hawkins, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, Hawkins was housed at the Muskegon Temporary Correctional Facility (MTCF) during 1996 and 1997. In August and September of 1996, Hawkins stated that he submitted several complaints to the MTCF staff concerning his inability to sleep. After learning of sleep apnea, Hawkins made several requests, between November 1996 and January 1997, to be referred to a sleep apnea expert to determine whether his symptoms were related to sleep apnea. His requests to be evaluated by a sleep apnea expert were denied. Hawkins was finally tested in December 2000, and was diagnosed with sleep apnea.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Seeking monetary and equitable relief, Hawkins sued several MTCF staff members, including a physicians assistant (Spitters), the Head Unit Manager (Tursky), a nurse (Thompson), a psychologist/social worker (Kozyra), a supervising doctor (Huff), and the second-step grievance coordinator (Brim), in their individual and official capacities. The complaint was dated August 2, 2001, and filed on October 25, 2001. Hawkins claimed that the defendants were deliberately indifferent to his serious medical needs because they repeatedly denied his requests to be evaluated by a sleep apnea expert.

Upon review, a magistrate judge filed a report recommending that the district court dismiss the complaint as untimely under the applicable statute of limitations. The magistrate judge concluded that Hawkins's cause of action accrued in 1996 and 1997 because the discomfort Hawkins suffered was apparent at the time of his complaints. Over Hawkins's objections, the district court rejected the findings in the report, but adopted the ultimate recommendation to dismiss the complaint as untimely. The court concluded that Hawkins's cause of action actually accrued on January 31, 1997, the date that the defendants denied his grievance challenging the denial of his request for a sleep apnea evaluation.

Hawkins has filed a timely appeal, essentially reasserting his claim. He maintains that his complaint is not untimely because his cause of action did not accrue until he was actually diagnosed with sleep apnea, otherwise his claim would be mere speculation about his condition. He also notes that he made a final request for a sleep apnea evaluation in August 1998, and that the request was ignored.

Upon review, we conclude that the district court properly dismissed Hawkins's complaint as time-barred. The general rule is that federal courts apply state personal injury statutes of limitations to claims brought under § 1983. *See Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(8); *Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir.1986). The statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred. *See Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir.1991); *see also Kullman v. Owens–Corning Fiberglas Corp.,* 943 F.2d 613, 616 (6th Cir.1991) (finding that, under Michigan law, cause of action arose when the plaintiff knew or should have known that he was suffering lung difficulty and that he had worked in presence of asbestos, not when he eventually received official diagnosis of asbestos-exposure).

Contrary to Hawkins's argument, his cause of action accrued on January 31, 1997. A review of the complaint clearly establishes that Hawkins argued that his rights were violated when the defendants denied his requests for an expert evaluation. When the defendants rejected Hawkins's grievance he clearly had reason to challenge what he believed to be deliberate indifference to his serious medical need. Hence, the statute of limitations began to run on January 31, 1997. Hawkins's complaint was dated August 2, 2001, and filed on October 25, 2001, well over three years after the claim accrued. Hawkins's argument that his cause of action did not accrue until he was actually diagnosed with sleep apnea is unavailing. In this case, the "violation" being challenged is the denial of his request for medical attention, i.e., an expert sleep apnea evaluation. Prior to his diagnosis, Hawkins was clearly aware that the defendants had rejected his re-

quest for such a test and that his grievance had been denied. Finally, contrary to Hawkins's argument, he was not entitled to equitable tolling. Equitable tolling does not apply in this case because Hawkins did not claim that he was ignorant of the time requirement. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 580 (6th Cir.1992); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988). Equitable tolling would also be inappropriate because Hawkins was not prevented from asserting his rights in some extraordinary way. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.1999).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.