**C.J. TREFRY, Plaintiff,**

v.

**Theresa PHILLIPS, et al., Defendants.**

**No. 2:11–cv–00175–JAW.**

United States District Court,
D. Maine.

June 30, 2011.

CJ Trefry, Biddeford, ME, pro se.

## ORDER AFFIRMING RECOMMENDED DECISION AND DENYING MOTION TO AMEND COMPLAINT

JOHN A. WOODCOCK, JR., Chief Judge.

C.J. Trefry returns to Court with a complaint about the way Michigan state officials handled a matter involving her and her children. *Compl.* (Docket # 1). This is the third lawsuit Ms. Trefry has filed in this Court on the same issue. *See Trefry v. Granholin,* Docket No. 2:11–cv–107–JAW; *Trefry v. Cochorane,* Docket No. 2:11–cv–108–JAW. The Court dismissed the earlier lawsuits for failure to state a claim and Ms. Trefry appealed those dismissals. On May 16, 2011, the Magistrate Judge recommended the dismissal of this lawsuit with prejudice. *Order Granting Application to Proceed Without Prepayment of Fees and Recommendation of Dismissal* (Docket # 4). On June 2, 2011, Ms. Trefry objected to the Recommended Decision and moved to amend her Complaint. *Mem. Objecting to R & R to Dismiss* (Docket # 6) (*Pl.'s Opp'n* ).

■ The Magistrate Judge based her recommendation on the application of the three year Michigan statute of limitations to this action. *Recommended Decision* at 2. She pointed out that under 42 U.S.C. § 1983, the applicable state statute of limitations applies and, as Ms. Trefry's claim is controlled by Michigan law, the three year Michigan statute of limitations controls. *Id.* To bring this action, Ms. Trefry must demonstrate that her cause of action arose from events within three years of the date she filed the Complaint. Ms. Trefry filed the Complaint on April 27, 2011, and she must allege events on or after April 27, 2008.

As the Magistrate Judge pointed out, although Ms. Trefry listed a number of individuals as Defendants, the only Defendant named in the body of the Complaint is Theresa Phillips. *Recommended Decision* at 2; *Compl.* at 3. Yet, Ms. Trefry does not allege that Ms. Phillips took any actions within the three year limitations window. In her Complaint, Ms. Trefry says that Theresa Phillips "signed the contract with this writer 6 years ago today." *Compl.* at 3. She attached as exhibits to her Complaint a copy of the Visitation Guidelines that she and Ms. Phillips signed on April 27, 2005, *id.* Attach. 1; a March 31, 2005 letter she wrote to the Governor of the state of Michigan complaining about the court system and her family situation, *id.* Attach. 2; and a *pro se* motion, which is undated, in a state of Michigan Court under case number 05–1035 NA. As there

are no allegations of any Michigan state actions, including actions by Ms. Phillips, occurring after April 27, 2008, dismissal is proper based on the statute of limitations.

■ Despite the clear language in the Recommended Decision, Ms. Trefry has remained under the misapprehension that a six year statute of limitations applies. *Pl.'s Opp'n.* at 2 ("I would like to, respectfully, clarify that case 2:11–cv–00175 is a claim for bad faith and breech (sic) of contract, with a six year statute of limitations, as I understand it …"). Furthermore, despite the Magistrate Judge's clear ruling that a three year, not six year statute of limitations applies, she has made no allegations of fact in her proposed Amended Complaint to bring the case within the three year statute of limitations. *See* MICH. COMP. LAWS ANN. § 600.5805(10). Unfortunately, even with the additional information in the Amended Complaint, Ms. Trefry still does not state a viable federal cause of action.

Pursuant to Rule 15(a)(1), the Court grants the motion to amend the Complaint. *See* FED.R.CIV.P. 15(a)(1). Nevertheless, the Amended Complaint is still subject to dismissal for the same reasons the Magistrate Judge set forth in her Recommended Decisions. Whether technically this Order is an affirmance of the Recommended Decision or a stand-alone Order based upon the Amended Complaint is beside the point since the result is the same. The Court affirms the Recommended Decision and orders the Amended Complaint dismissed.

Finally, although the Court resolved Ms. Trefry's Amended Complaint on statute of limitations grounds, there are other equally significant defects in her cause of action, at least one of which was the subject of the Magistrate Judge's Recommended Decision on her earlier-filed cases. *See Trefry v. Granholm,* Docket No. 2:11–cv–107–JAW; *Trefry v. Cochorane,* No. 2:11–cv–108–JAW, *Order Granting Application to Proceed Without Prepayment of Fees and Recommendation of Dismissal* (Docket # 4) (recommending dismissal of the Complaints because they failed to allege a plausible suggestion of conspiracy). The Court echoes the Magistrate Judge's warning that Ms. Trefry may not continue to file what is essentially the same cause of action in this Court when the Court has determined that the cause of action lacks merit. If Ms. Trefry files the same Complaint again, the Court may be required to impose sanctions against her to restrict future filings. *See Cok v. Family Court of Rhode Island,* 985 F.2d 32, 35 (1st Cir. 1993).

The Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision and the Court concurs with the United States Magistrate Judge for the reasons set forth in her Recommended Decision and determines that no further proceedings are necessary.

1. The Court ORDERS that the Recommended Decision of the Magistrate Judge is hereby AFFIRMED;

2. The Court further ORDERS that the Complaint (Docket # 1) is hereby DISMISSED with prejudice; and,

3. The Court further ORDERS that the Motion to Amend Complaint (Docket # 7) is hereby DENIED.

SO ORDERED.

## ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND RECOMMENDATION OF DISMISSAL

MARGARET J. KRAVCHUK, United States Magistrate Judge.

Having considered the application to proceed without prepayment of fees under 28 U.S.C. § 1915, IT IS ORDERED that

the application is GRANTED. The Clerk is directed to file the Complaint without the prepayment of fees or the necessity of giving security therefore.

Cindy Trefry, individually and as the parent on behalf of two minor child plaintiffs, has filed a complaint against eleven individuals, ranging from a social services case worker to a governor. These individuals all are officials in Michigan and the complaint relates to events that occurred in Michigan in 2005 when the state foster care system became involved with Trefry and her children. According to the complaint the children were retained within the Michigan foster care system for nineteen months before being returned to her custody. Trefry now resides in Biddeford, Maine, presumably with her minor children. She has filed two prior lawsuits in this court involving the same factual matrix, *Trefry v. Granholin*, 2:11–cv–00107–JAW and *Trefry v. Cochorane*, 2:11–cv–00108–JAW, both of which were dismissed for failing to state a claim. Trefry filed a notice of appeal in the prior cases on the 30th day following the entry of judgment.

The only one of the eleven defendants actually named within the body of the current complaint is Theresa Phillips who is mentioned in a handwritten footnote incorporated into the five-page typed complaint. According to the footnote, as corroborated by Doc. No. 1–1—a photocopy of visitation guidelines signed by Phillips and Trefry on April 27, 2005—Theresa Phillips was a social service worker assigned to the case involving Trefry and her children. It is unclear what role, if any, Phillips had in the removal of the children from Trefry's custody, but apparently she was instrumental in brokering a visitation program between Trefry and the children. The roles of the other ten defendants are not identified, other than it is clear that Jennifer Granholm is the Governor of Michigan and it appears that Trefry sent her a letter on March 31, 2005, seeking the return of her children. (Doc. No. 1–2).

Trefry brings her claim pursuant to 42 U.S.C. § 1983. Claims brought pursuant to § 1983 are subject to state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In this case the only relevant choice of law would be the Michigan statute of limitations for personal injury actions. The defendants all appear to be from Michigan and the conduct occurred in Michigan. In Michigan the general statute of limitations for personal injury actions is three years. *See Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.1986); *Nali v. Michigan Dept. of Corrections*, No. 2:10–cv–29, 2011 WL 1598990, *8 (W.D.Mich. Apr. 27, 2011) ("For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10)"). Trefry complains of a constitutional violation that she alleges occurred in 2005, apparently sometime prior to March 31 of that year. She filed the complaint in this court on April 27, 2011, more than six years after the alleged violation. Her complaint is time barred and should be summarily dismissed with prejudice by this court.

The prior dismissals of Trefry's two earlier and similar complaints did not clearly spell out whether the dismissal was with or without prejudice. By operation of Rule 41(b) of the Federal Rules of Civil Procedure those earlier dismissals most probably should be considered as an adjudication on merits, providing a separate and distinct bar to this action. However, I have not relied upon those earlier dismissals in fashioning this recommendation. Trefry is now on notice that any further effort to revive this time barred complaint is simply not allowed and her continuing attempts to bring a lawsuit against these

Michigan officials in this court could ultimately result in court imposed sanctions. "A part of the Court's responsibility is to see that [the Court's limited] resources are allocated in a way that promotes the interest of justice. The continual processing of petitioner's frivolous [filings] does not promote that end." *In re McDonald,* 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989). In the event of further filings of this ilk, an injunction could issue against Trefry and would be appropriate under 28 U.S.C. § 1651(a), which gives courts authority to prohibit the filing of vexatious lawsuits. *See Cok v. Family Court of Rhode Island,* 985 F.2d 32, 35 (1st Cir. 1993).

### Conclusion

Based upon the foregoing I recommend the court dismiss this complaint with prejudice and enter judgment for the defendants.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.