**William Arthur MOORE, Appellant,**

v.

**Warren BURGER, et al.**

**No. 80–2414.**

United States Court of Appeals, District of Columbia Circuit.

May 22, 1981.

William Arthur Moore, appellant, as Atty. pro se was on the motion.

Charles F. C. Ruff, U. S. Atty., Kenneth M. Raisler and R. Craig Lawrence, Asst. U. S. Attys., Washington, D. C., for appellees.

Before McGOWAN,* MacKINNON and EDWARDS, Circuit Judges.

Opinion PER CURIAM.

Concurring Opinion filed by Circuit Judge HARRY T. EDWARDS.

---

\* Circuit Judge McGOWAN did not participate.

PER CURIAM.

 Appellant William Arthur Moore has filed a motion to expedite his appeal from a judgment of the District Court dismissing his complaint against four justices of the Supreme Court and the "Federal Government." His complaint alleges that such justices caused cases before the Supreme Court to be decided contrary to the Constitution and laws of the United States and thereby created judicial precedents that caused him to be denied his constitutional rights. Such wrongful action was alleged to have been taken in cases the court decided on the basis of the absolute and qualified immunity of state and federal officials of the executive and judicial branches of government. Since the named justices, in deciding such cases, had clear jurisdiction over the subject matter before them, under the Constitution and laws of the United States, the District Court acted properly in dismissing the complaint. The federal appellees have absolute immunity in exercising their judicial authority in such cases; *Stump v. Sparkman*, 435 U.S. 349, 356–359, 98 S.Ct. 1099, 1104–1106, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872); *Randall v. Brigham*, 74 U.S. (7 Wall.) 523, 535, 19 L.Ed. 285 (1868); *Clark v. Taylor*, 627 F.2d 284, 286 (D.C.Cir.1980); and the same immunity extends to judicial officials of states unless they have acted in the clear absence of all jurisdiction. *Id.* Contrary to appellant's misconception the current Supreme Court did not create new law with respect to judicial immunity. Over a hundred years ago, Justice Field in *Randall v. Brigham, supra*, remarked that "judicial officers . . . [are] not liable to a civil action for any judicial act done by them within their jurisdiction." 7 Wall. at 535. The present complaint was therefore completely frivolous and was properly dismissed. 28 U.S.C. § 1915(d).[1]

We therefore deny the motion to expedite the appeal and affirm *sua sponte* the dismissal of the complaint against the defendant justices.[2] We also affirm *sua sponte* the dismissal of the complaint against the "Federal Government" for failure to state a claim upon which relief may be granted.

*Judgment accordingly.*

HARRY T. EDWARDS, Circuit Judge, concurring:

This *pro se* appeal is from an order of the District Court entered October 30, 1980, dismissing appellant's claim under 42 U.S.C. § 1983 against four Justices of the Supreme Court and the "federal government." Because appellant lacks standing to sue the Justices, and because appellant has failed to state a claim upon which relief can be granted against the "federal government," his actions were properly dismissed.

In order to satisfy the case or controversy requirement of Art. III, and thus invoke the jurisdiction of the federal courts, appellant must allege some actual or threatened injury suffered as a result of the allegedly illegal conduct of the defendants, which injury is likely to be redressed if the requested relief is granted. *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978); *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Appellant's complaint alleges that several Justices have deprived him of his constitutional rights by deciding cases involving official immunity so as to prevent him from obtaining relief in the courts. Since appellant was not a party to the immunity cases, he cannot allege that he is suffering any "distinct and palpable," legally cognizable injury as a result of the immunity decisions of the Supreme Court. Moreover, even assuming, *arguendo*, that appellant has suffered or may hereafter

---

1. 28 U.S.C. § 1915(d) provides:
 (d) The court . . . may dismiss the case . . . if satisfied that the action is frivolous . . .

2. Since official immunity is a proper basis for affirming the District Court there is no necessity to consider other ramifications of the principle.

incur legally cognizable injury, he has failed to point to any relief that this court may award to redress his claims.

Appellant's suit against the "federal government" also was properly dismissed. Nowhere in appellant's complaint is the federal government, or any agency or official thereof (except the four Justices), linked to the alleged constitutional violations. Therefore, appellant failed to state a claim upon which relief could be granted with respect to his charges against the federal government.