**Pedro PINO, Plaintiff–Appellant,**

v.

**Patrick RYAN, Deputy Superintendent of Programs, and David Barrenger, Senior Recreation Supervisor at Washington Correctional Facility, Defendants–Appellees.**

No. 859, ·Docket 94–2189.

United States Court of Appeals, Second Circuit.

Argued Feb. 21, 1995.

Decided Feb. 22, 1995.

Sheryl B. Galler, New York City (Arthur S. Linker, Rosenman & Colin, New York City, on the brief), for plaintiff-appellant.

Before: NEWMAN, Chief Judge, VAN GRAAFEILAND and CABRANES, Circuit Judges.

JON O. NEWMAN, Chief Judge:

On this appeal from a *sua sponte* dismissal of a *pro se* lawsuit, we write to clarify the propriety of dismissing frivolous complaints when the barrier of a successful affirmative defense appears on the face of the complaint. Pedro Pino appeals from the March 30, 1994, judgment of the District Court for the Northern District of New York (Frederick J. Scullin, Jr., Judge), denying him leave to proceed *in forma pauperis* and dismissing his complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(d) (1988). For reasons stated below, we conclude that dismissal was proper and therefore affirm.

Pino, an incarcerated state prisoner, filed a *pro se* complaint seeking relief, pursuant to 42 U.S.C. § 1983 (1988), against Patrick Ryan, Deputy Superintendent of Programs, and David Barrenger, Senior Recreation Supervisor, for alleged constitutional violations at the Washington (N.Y.) Correctional Facility, where appellant was previously confined. The complaint, filed February 23, 1994, alleged that on July 27, 1989, Pino was injured in an accident at the Facility's weight-lifting area. The accident occurred when another inmate accidentally lost control of weights, which slipped from his hands and landed on Pino. Pino alleged that the weights caused injuries to his head and other parts of his body. The complaint alleged that the defendants, who were in charge of the recreation areas and responsible for their monitoring, observed the incident "but refused to assist the plaintiff or to offer the plaintiff any sort of emergency medical help."

Before service of the complaint upon the defendants, the District Court dismissed the action on the ground that the expiration of the applicable three-year statute of limitations made it clear that the suit lacked "any arguable basis in law" and was therefore to be dismissed under 28 U.S.C. § 1915(d). *See Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

On appeal, assigned counsel contends that, since the statute of limitations is an affirmative defense that is waived if not timely pleaded, a *sua sponte* dismissal of a complaint in advance of service and the filing of an answer is improper.

Mindful of the liberality to be accorded *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652

(1972), we have frequently urged district judges to use caution in deciding whether to dismiss such complaints prior to service upon defendants and the filing of a motion or answer. *See Benitez v. Wolff,* 907 F.2d 1293, 1294 (2d Cir.1990); *Elliott v. Bronson,* 872 F.2d 20, 21 (2d Cir.1989); *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983). Such caution is appropriate to guard against the risk that a district court will be tempted to reject as frivolous under section 1915(d) every complaint that it believes is dismissable for failure to state a claim, *see* Fed. R.Civ.P. 12(b)(6). The Supreme Court has pointed out that "not all unsuccessful claims are frivolous," *Neitzke,* 490 U.S. at 329, 109 S.Ct. at 1833–34, and that "[w]hen a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.* at 328, 109 S.Ct. at 1833. But caution need not lead to paralysis, and whenever a district court is satisfied that a complaint is "based on an indisputably meritless legal theory," *id.* at 327, 109 S.Ct. at 615, it has the discretion, *see Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992), to dismiss the case under section 1915(d). Alternatively, the court may deem it appropriate to dismiss the complaint, with leave to replead within a specified time to overcome a manifest deficiency in the initial pleading.

■ This Circuit has not yet considered whether the decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based on a defense that appears on the face of the complaint. We now hold that it may. The Supreme Court explicitly pointed toward that result in *Neitzke* by citing "claims against which it is clear that the defendants are immune from suit" as an example of claims dismissable under section 1915(d). *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 615 (citation omitted). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under section 1915(d), *see Street v. Vose,* 936 F.2d 38, 39 (1st Cir.1991), *cert. denied,* 502 U.S. 1063, 112 S.Ct. 948, 117

L.Ed.2d 117 (1992); *see also Franklin v. Oregon,* 563 F.Supp. 1310, 1330, 1332 (D.Ore. 1983), and other courts have upheld dismissals under section 1915(d) because of other affirmative defenses appearing on the face of a complaint, *see Kimble v. Beckner,* 806 F.2d 1256, 1257 (5th Cir.1986) (immunity); *Moore v. Burger,* 655 F.2d 1265, 1266 (D.C.Cir.1981) (same); *Johnson v. Reagan,* 524 F.2d 1123, 1124 (9th Cir.1975) (same); *Wilson v. Lynaugh,* 878 F.2d 846, 851 (5th Cir.) (*res judicata*), *cert. denied,* 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); *see also Clark v. Georgia Pardons and Parole Board,* 915 F.2d 636, 640 & n. 2 (11th Cir.1990) (dictum concerning affirmative defenses generally).

Appellant contends that the affirmative defense of the statute of limitations should not be a basis for a section 1915(d) dismissal because such a defense is waived if not properly asserted, and the usual time for asserting the defense does not arise until after service of the complaint, when a responsive pleading is filed. *See* Fed.R.Civ.P. 8(c). Appellant relies on cases stating that a district court "ordinarily" should not raise a statute of limitations defense *sua sponte. See Haskell v. Washington Township,* 864 F.2d 1266, 1273 (6th Cir.1988); *Davis v. Bryan,* 810 F.2d 42, 44 (2d Cir.1987); *Wagner v. Fawcett Publications,* 307 F.2d 409, 412 (7th Cir. 1962), *cert. denied,* 372 U.S. 909, 83 S.Ct. 723, 9 L.Ed.2d 718 (1963). But those decisions are concerned with a district court's *sua sponte* raising of the limitations defense in the course of litigation that has proceeded *past* the point at which the defense is normally required to be raised. In such circumstances, a *sua sponte* dismissal may be unfair to the plaintiff by rejecting the suit after considerable time and expense has been invested in it. No such concern arises where, as here, the suit is dismissed at the threshold, *before* any time or expense has been expended. In *Salahuddin v. Jones,* 992 F.2d 447 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 278, 126 L.Ed.2d 229 (1993), we cited our decision in *Davis* for the proposition that, in ongoing litigation, *res judicata* and similar affirmative defenses "are 'ordinarily' not to be recognized when not raised in the answer," *id.* at 449, but at the same

time explicitly upheld a court's authority to do so even in that context, *id.* (citing *Carbonell v. Louisiana Dep't of Health & Human Resources,* 772 F.2d 185, 189 (5th Cir.1985)). Nothing in *Salahuddin* suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal under section 1915(d) prior to service of the complaint.

A dismissal under section 1915(d) based on the statute of limitations is especially appropriate where, as in this case, the injuries complained of occurred more than five years before the filing of the complaint—well outside the applicable three-year limitations period, *see Jewell v. County of Nassau,* 917 F.2d 738, 740 (2d Cir.1990), there are no applicable tolling provisions as a matter of law, and plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights. Appellate counsel suggests that it is "conceivable" that further factual development of the record might have indicated that the defendants continued to deny Pino medical treatment for the lingering effects of his injuries, specifically lower back pain and migraine headaches. Brief for Appellant at 7. But even the generous leeway accorded pro se litigants by *Haines v. Kerner, supra,* does not oblige district courts to retain complaints that are based on "an indisputably meritless legal theory," *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 615, simply because it is "conceivable" that facts neither alleged, nor fairly inferable from what has been alleged, might be alleged. Since Pino alleged only the denial of "emergency medical help" at the time of the accident in 1989, it was well within Judge Scullin's discretion to dismiss Pino's complaint as facially time-barred, leaving Pino the opportunity to allege in a timely motion for reconsideration any additional facts that might have existed indicating wrongful conduct continuing within the limitations period. No such motion was filed.

The judgment of the District Court is affirmed.