**Jonah Louis GANT, Plaintiff–Appellant,**

v.

**Donal CAMPBELL; Charles Bass; Jim Rose; Howard Cook; Robert Bradford; Ricky Bell; Robert Waller; William Lloyd; Alton Hesson; Does 1–5, Defendants–Appellees.**

No. 00–5639.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; HEYBURN, District Judge.*

### ORDER

Jonah Louis Gant, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed

under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Gant sued Tennessee Department of Corrections (TDOC) Commissioner Donal Campbell; TDOC Assistant Commissioners Charles Bass and Jim Rose; TDOC Director of Classification Howard Cook; TDOC Medical Director Robert Bradford; Riverbend Correction Facility (RCF) Warden Ricky Bell; Deputy Warden Robert Waller; Unit Manager William Lloyd; West Tennessee High Security Facility (WTHSF) Warden Alton Hesson; and five John Doe defendants. Gant alleged that the defendants violated his constitutional rights when they: (1) transferred him from RCF to WTHSF in retaliation for his litigation activities; and (2) failed to protect him from an attack by prison gang members at WTHSF. The district court granted Gant in forma pauperis status, screened the complaint, and dismissed the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The district court held that Gant's retaliation claim was barred by the applicable statute of limitations, and that Gant failed to allege that he informed the defendants of a specific danger of attack.

In his timely appeal, Gant argues that: (1) his claim was not barred by the statute of limitations; and (2) he specifically told the warden of RCF that he would be in grave danger if transferred to WTHSF.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C.

---

* The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation.

§ 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

■ Upon review, we conclude that the district court properly held that Gant's retaliation claim was frivolous because it was barred by the statute of limitations. *See Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir.1995). Gant's retaliation claim accrued in February 1998. By that time he knew that he had been transferred, and knew or had reason to know that the defendants, many of whom he had previously sued or named in grievances, resented his litigation activities. *See Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996). Gant did not file his civil rights complaint until February 2000, one year after Tennessee's statute of limitations had run. *See* Tenn.Code Ann. § 28–3–104(a)(3); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir.1997). Accordingly, his retaliation claim is time-barred.

Gant's argument that his complaint was timely is without merit. He notes that he was assaulted in February 1999, and suggests he was prejudiced by the fact that the district court pro se staff attorney returned his complaint three times before it was filed. Accrual of Gant's retaliation claim hinged on his transfer, not his assault. Gant's original complaint is dated February 2000, and thus would have been untimely even if it had been filed immediately upon its arrival at the district court.

Upon review, we affirm the district court's decision to dismiss Gant's failure to protect claim under 28 U.S.C. § 1915(e)(2) for reasons other than those relied upon by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994). Although we do not agree with the district court that Gant's complaint was frivolous, we conclude that it was subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it failed to state a claim. *See Brown v. Bargery*, 207 F.3d 863, 866–67 (6th Cir.2000).

■ Gant's Eighth Amendment claim fails because he did not allege that the defendants were deliberately indifferent to a specific, known risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Knight v. Gill*, 999 F.2d 1020, 1022 (6th Cir.1993). Gant stated that when he learned of his impending transfer to WTHSF, he told RCF defendants that he feared he would be in grave danger of attack by gang members because his brother had been attacked at WTHSF. A year after his transfer, Gant was attacked by gang members after they tricked a corrections officer into leaving his post. Although Gant expressed a general concern, he had not received any threats prior to being transferred, nor did he identify any particular gang members whom he feared. Moreover, Gant admits that WTHSF provided him some protection. The officer's negligence in being tricked out of place does not support an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835–36; *Gibson v. Foltz*, 963 F.2d 851, 853–54 (6th Cir.1992). Accepting all of his allegations as true, Gant can prove no set of facts which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). Accordingly, dismissal under 28 U.S.C. § 1915(e)(2) was appropriate.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.