Randal N. **ROWSEY,** Plaintiff–
Appellant,

v.

POLICE DEPARTMENT, MET-
ROPOLITAN NASHVILLE,
Defendant–Appellee.

No. 01–5364.

United States Court of Appeals,
Sixth Circuit.

Nov. 8, 2001.

Before KEITH, BOGGS, and MOORE, Circuit Judges.

Pro se Florida resident Randal N. Rowsey appeals a district court judgment that dismissed his 42 U.S.C. § 1983 suit. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Proceeding in forma pauperis, Rowsey sued the Nashville Police Department, claiming that the department violated his Fourth Amendment rights by arresting him without probable cause, holding him in jail based on an outstanding warrant, and allowing him to be extradited to Florida.

The district court dismissed Rowsey's suit as barred by the applicable statute of limitations.

In his timely appeal, Rowsey argues that the district court erred by dismissing his suit. Both parties have filed briefs.

This court reviews de novo a district court's decision to dismiss a claim under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A suit that is clearly time-barred lacks an arguable basis in law. *Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir.1995).

Upon review, we conclude that the district court properly dismissed Rowsey's suit. Rowsey alleged that he was arrested without probable cause on November 11, 1998. It is undisputed that he did not file suit until January 2001. Tennessee's one-year statute of limitations, Tenn.Code Ann. § 28–3–104(a)(3), bars Rowsey's suit. *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir.1997).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.