Jerry ALSTON, a/k/a Jerry Austin, a/k/a Jerry Love, Plaintiff–Appellant,

v.

TENNESSEE DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.

No. 01–5818.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2002.

Before NATHANIEL R. JONES, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

Jerry Alston, a Tennessee prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Alston sued the Tennessee Department of Correction ("TDOC"), TDOC Commissioner Donal Campbell; Assistant Commissioner Jim Rose; Special Needs Wardens Virginia Lewis and Flora Holland; Medical Directors Edward Battuglia, M.D., and Harold Bloebaum; Medical Supervisor Barbara McBride; the Tennessee Department of Human Services; George McGee; Physician's Assistant Sue Starks; Registered Nurses B.J. Rhodes and Billie Hammonds; Grievance Chairperson Darlene Scott; and Disciplinary Board Chairman Sergeant Greenhill. Alston alleged that the defendants violated his constitutional rights when they: (1) denied him medical care; (2) filed a false disciplinary report against him; (3) retaliated against him for filing grievances by placing him in administrative segregation; and (4) illegally searched and seized his property. He also asserted state law

claims of negligence. The district court screened the complaint, granted Alston in forma pauperis status, and dismissed the complaint for failure to exhaust administrative remedies and for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

In his timely appeal, Alston reasserts his district court claims.

■ Initially, we note that Alston has filed documents on appeal that do not appear in the district court record. Because they are not part of the district court record they cannot be considered by this court on appeal. *See* Fed. R.App. P. 10(a); *United States v. Bonds,* 12 F.3d 540, 552 (6th Cir.1993).

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).

■ Upon review, we conclude that the district court properly dismissed Alston's complaint as barred by Tennessee's one-year statute of limitations. *See* Tenn.Code Ann. § 28–3–104(a)(3); *Merriweather v. City of Memphis,* 107 F.3d 396, 398 (6th Cir.1997). Alston filed his district court complaint on April 9, 2001. He alleged that his right leg was injured in 1990 and still required care when he was taken into TDOC custody in 1994. Alston also complained about deficiencies in his medical care from 1994 through January 2000, alleged that defendant Hammonds retaliated against him in March 1998, and claimed that the prison seized and lost his legal documents in November 1999 Clearly, any claim arising from these allegations accrued more than one year before Alston filed his complaint. *See Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996). Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate. *See Pino v. Ryan,* 49 F.3d 51, 53–54 (2d Cir.1995).

Accepting Alston's allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.