Norman **SAFERSTEIN**, Plaintiff–Appellant,

v.

**Alan John REIN, Kurzman & Eisenberg, LLP, Howard Code,** Defendants–Appellees.

No. 02–7742.

United States Court of Appeals, Second Circuit.

Oct. 2, 2003.

Norman Saferstein, Boca Raton, FL, for Appellant, pro se.

Fred D. Weinstein, Kurzman Eisenberg Corbin, Lever & Goodman, LLP, White Plains, NY, for Appellees.

Present: MESKILL, KATZMANN, and RAGGI, Circuit Judges.

### *SUMMARY ORDER*

**AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

This case raises the issue of whether the district court properly dismissed Plaintiff–Appellant Norman Saferstein's *pro se* legal malpractice complaint as time-barred pursuant to N.Y. C.P.L.R. § 214(6). Although the district court did not specify the grounds for its dismissal, it is best construed as a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), for lacking an arguable basis in law or fact. *See Pino v. Ryan,* 49 F.3d 51, 53 (2d Cir.1995) (a district court's determination that a complaint is frivolous may be based on an affirmative defense, such as a statute of limitations, that is apparent from the face of the complaint). This Court reviews § 1915(e) dismissals de novo. *See Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001).

A review of the original complaint, along with the envelope in which it was mailed, included in the record, shows that (1) Saferstein mailed the complaint on September 11, 2001; (2) the district court did not receive the complaint until September 25, 2001; and (3) the district court docketed the complaint on October 31, 2001. Although Saferstein's complaint was technically filed on September 25, 2001, and not

October 31, 2001 as noted by the district court, it was not unreasonable for the district court to rely upon the date listed on the district court docket sheet, and the error was harmless because Saferstein's complaint would still be untimely even if, contrary to Fed.R.Civ.P. 5(e), Saferstein's complaint was deemed filed on the date he mailed it.

For the reasons stated by the district court, Saferstein's complaint was properly dismissed as barred by the statute of limitations. Pursuant to Fed.R.Civ.P. 5(e), Saferstein's complaint was filed on September 25, 2001, but whether this court uses that date in resolving the statute of limitations issue, the October 31, 2001 docketing date (as the district court reasonably did), or the September 11, 2001 mailing date (as Saferstein urges), the result would be the same, i.e., Saferstein's case would properly be dismissed as untimely substantially for the reasons stated by the district court in its discussion of the circumstances giving rise to his cause of action.

In sum, Saferstein's claim that the district court committed reversible error by finding that he filed his complaint on October 31, 2001 is without merit. An independent review of the record and relevant state law reveals that Saferstein's complaint was time-barred.

For the reasons set forth, we AFFIRM the judgment of the District Court.