Byron G. MARTIN, Plaintiff–Appellant,

v.

Patricia MARTIN, Defendant.

No. 06–3816–cv.

United States Court of Appeals,
Second Circuit.

Oct. 15, 2007.

Byron G. Martin, pro se, for appellant.

PRESENT: Honorable ROSEMARY S. POOLER, Honorable REENA RAGGI, Circuit Judges and Honorable PAUL A. CROTTY, District Judge.[1]

---

1. The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Byron Martin appeals *pro se* from the district court's *sua sponte* dismissal of his suit, without prejudice, for lack of personal jurisdiction. Martin argues that the district court's dismissal was erroneous given the existence of newly discovered facts demonstrating personal jurisdiction over defendant which he alleges for the first time on appeal. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Martin moved *pro se* to proceed *in forma pauperis* under 28 U.S.C. § 1915 before the district court. The court twice ordered Martin to amend his complaint to allege facts sufficient to establish that his claim was not barred by the statute of limitations, that the amount in controversy was sufficient to uphold diversity jurisdiction under 28 U.S.C. § 1332(a), that venue in Vermont was appropriate, and that the court had personal jurisdiction over defendant. After the filing of Martin's second amended complaint, and before service was effected pursuant to 28 U.S.C. § 1915(d), the court *sua sponte* dismissed the suit without prejudice for lack of personal jurisdiction, expressing "no opinion with respect to the plaintiff's remaining legal or factual claims."

District courts are not required to screen complaints filed *in forma pauperis* except in cases where a prisoner seeks civil redress from a governmental entity. *See* 28 U.S.C. § 1915A. Nonetheless, the court here was within its discretion when it dismissed the action without prejudice under Section 1915(e)(2)(B)(i). *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir.1995). While the prudent course in most cases may be to wait until service is effected before dismissing a case for lack of personal jurisdiction, because the district court had twice afforded an opportunity to amend, because the dismissal here was without prejudice, and because there is no danger of plaintiff being barred from refiling his complaint by the statute of limitations, we identify no reversible error in the district court's dismissal in this case.

Accordingly, the judgment of dismissal without prejudice is AFFIRMED.