

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2008

# Santiago Pena-Ruiz v. Kevin Solorzano

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1747

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Santiago Pena-Ruiz v. Kevin Solorzano" (2008). *2008 Decisions.* Paper 1033.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1033

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-214** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1747
_____

SANTIAGO PENA-RUIZ,

Appellant

v.

KEVIN S. SOLORZANO, in his individual capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-02488)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 30, 2008

Before:  SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Filed: June 10, 2008)
_____

OPINION
_____

PER CURIAM

Santiago Pena-Ruiz, a federal prisoner proceeding pro se, appeals from the District

Court's orders dismissing his complaint.  For the reasons that follow, we will summarily

affirm the District Court's orders.

Pena-Ruiz is currently incarcerated at the Federal Correctional Institution at Florence, Colorado. On May 20, 2007, he filed a complaint under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), in the United States District Court for the District of New Jersey. In the complaint, Pena-Ruiz alleged that in 2004, while he was incarcerated at a federal prison in New Jersey, he had been sexually assaulted by the defendant, Corrections Officer Kevin Solorzano. According to Pena-Ruiz, Solorzano was later convicted for this and other sexual assaults at the prison. By order entered July 18, 2007, the District Court, acting sua sponte, dismissed the complaint on the ground that it was barred by the governing statute of limitation.

Several months later, on October 29, 2007, Pena-Ruiz notified the court that he had not received a copy of the order dismissing his complaint, and asked the court to accept a belated motion for reconsideration in which he argued that he was entitled to equitable tolling of the two-year limitation period. The District Court granted his request and re-opened the matter in order to consider Pena-Ruiz's motion for reconsideration. Upon further review, however, the District Court again concluded that the complaint was time-barred. The District Court specifically considered Pena-Ruiz's arguments in support of equitable tolling, but found that there was no basis to toll the running of the limitation

period.  Therefore, on January 25, 2008, the court entered a second order dismissing the complaint.[1]  The present appeal followed.

## II.

We first address the issue of our jurisdiction.  As noted above, the District Court entered an order dismissing the complaint on July 18, 2007.  The order, however, was not set out in a separate document in accordance with Federal Rule of Civil Procedure 58(a).  See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 243 (3d Cir. 2006) (holding that an order containing extensive factual background does not satisfy the separate document rule).  Therefore, judgment was not "entered" until 150 days later, on December 14, 2007.  See Fed. R. Civ. P. 58(c)(2)(B).  Meanwhile, on October 29, 2007, Pena-Ruiz had filed a motion for reconsideration, which the District Court construed as a motion under Rule 59(e).  Because this motion was filed "no later than 10 days after the entry of the judgment," see Fed. R. Civ. P. 59(e), the 60-day period for Pena-Ruiz to appeal from the July 18, 2007 order did not begin to run until January 25, 2008, the date the order disposing of that motion was entered.  See Fed. R. App. P. 4(a)(4)(A).  Pena-Ruiz mailed out his notice of appeal on or before February 25, 2007.  Therefore, his notice of appeal was timely with respect to the District Court's July 18, 2007 order dismissing the

_____

[1]In this order, the District Court also stated that Pena-Ruiz's motion for reconsideration was "denied."  This appears to be a mistake, however, given that, in the preceding memorandum opinion, the court thoroughly reconsidered its previous ruling that the complaint was time-barred.  Therefore, we will construe the District Court's order as granting the motion for reconsideration while dismissing the complaint.

complaint as well as the court's January 25, 2008 order dismissing the complaint upon reconsideration.[2] See Fed. R. App. P. 4(a)(1)(B). Accordingly, we have jurisdiction to review both orders.

### III.

In his notice of appeal, Pena-Ruiz claims that the District Court erred in dismissing his complaint as time-barred. As an initial matter, we note that the District Court arguably should have provided the parties with an opportunity to weigh in prior to dismissing the complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding that sua sponte dismissal of a complaint is proper only if it appears on the face of the complaint that it is barred by the applicable statute of limitations). We need not reach this question, however, or the merits of the District Court's decision, because Pena-Ruiz failed to satisfy the administrative exhaustion requirement that is a prerequisite to this suit.[3]

---

[2]To the extent that Pena-Ruiz appeals from the District Court's order denying his motion for reconsideration, we believe that, as discussed in note 1, *supra*, the District Court actually ruled in his favor on that motion.

[3]Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, we have recognized that a district court has the inherent power to dismiss sua sponte a complaint such as this one which facially violates a bar to suit. See Ray v. Kertes, 285 F.3d 287, 295 n.5 (3d Cir. 2002) (citing Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 2000) ("Booth concedes that he did not avail himself of either the intermediate or final review process.") and Nyhuis v. Reno, 204 F.3d 65, 66 (3d Cir. 2000) (stating that plaintiff "argues that he did not avail himself of the administrative process because it could not provide him with two of the three forms of relief that he seeks in the present action")). Given that here, Pena-Ruiz conceded in his complaint that he did not attempt to exhaust his administrative remedies, we may affirm

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth, 206 F.3d at 291. This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Federal Bureau of Prisons ("BOP") has established an administrative remedy procedure, which is set forth at 28 C.F.R. § 542, et seq.

In his complaint, Pena-Ruiz concedes that he did not attempt to exhaust the administrative remedies available to him at the prison. Pena-Ruiz explains his reasons for declining to do so as follows:

> Plaintiff did not exhaust his administrative remedies due to the sensitive nature of this matter and for fear of retaliation. Furthermore, the Defendant, Kevin S. Solorzano is no longer employed in the Federal Bureau of Prisons. And lastly, Plaintiff is seeking monetary damages, something an administrative remedy cannot provide.

(Compl., at ¶ 11.) These justifications, however, do not except him from the exhaustion requirement. First, this Court has made clear that the exhaustion requirement is mandatory, see Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007), and has not recognized "sensitive" subject matter or "fear of retaliation" as a basis for excusing a prisoner's failure to exhaust. Second, whether Solorzano is still employed by the BOP is

the District Court's dismissal on that ground without remanding the matter.

5

not relevant to the administrative remedy procedure.  Finally, the Supreme Court has specifically rejected the futility argument that Pena-Ruiz makes here, and has emphasized that "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  Porter, 534 at 988; see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 87 (3d Cir. 2000) (same).  Therefore, Pena-Ruiz was required to take advantage of the administrative remedy procedures notwithstanding the fact that they could not provide him with the monetary relief he seeks in this federal action.

IV.

For the foregoing reasons, we will summarily affirm the District Court's orders dismissing the complaint.  See Third Cir. LAR 27.4 and I.O.P. 10.6.