**Dylan Stephen JAYNE, Appellant**

v.

**PIKE COUNTY CORR. FAC., et al.**

No. 07–4269.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 23, 2009.

Opinion filed: Sept. 23, 2009.

---

862

Dylan Stephen Jayne, Milford, PA, for Appellant.

Before: McKEE, HARDIMAN and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Dylan Stephen Jayne, proceeding pro se, appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons that follow, we will affirm in part and vacate in part the District Court's order.

On June 21, 2007, Jayne filed a complaint in the United States District Court for the Middle District of Pennsylvania alleging several misdeeds by the Pike County Correctional Facility and several of its employees. The complaint, while lengthy, lacks the structure necessary to assess the exact claims that Jayne attempts to advance. The District Court, however, evaluated the complaint liberally to include several types of claims, includ-

ing: (1) challenges to his state court prosecution and conviction; (2) allegations that his First Amendment right to meaningful access to the court was violated; (3) allegations that the defendants violated his Eighth Amendment rights by acting with deliberate indifference to his medical needs; and (4) allegations that his prison placement and custodial classification were improper. The District Court granted Jayne's motion to proceed in forma pauperis and then determined that all of his claims had fatal defects that warranted sua sponte dismissal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2) is plenary. *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). If a complaint is vulnerable to dismissal, a district court must first permit the plaintiff to file a curative amendment even if the plaintiff does not seek leave to amend. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004). Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, or futility. *Id.* at 235–36.

To the extent that Jayne seeks to challenge his underlying state prosecution and conviction, the District Court properly found that he could only bring such claims in a 28 U.S.C. § 2254 petition for habeas corpus. The District Court, however, erred in dismissing the remaining claims without providing Jayne with an opportunity to amend his complaint. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002). There is no doubt that, in its current form, Jayne's complaint is wholly inadequate. Nevertheless, given the opportunity to amend, he may be able to properly set forth claims pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment rights were violated due to the deliberate indifference to a serious

medical need, *see Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and/or that his custodial classification presented an atypical hardship as is required to establish a constitutional violation under *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Further, the district court dismissed Jayne's claims of denial of access to the courts as time-barred. *See Kost v. Kozakiewicz,* 1 F.3d 176, 189–90 (3d Cir.1993); 42 PA. CONS.STAT. ANN. § 5524. While it appears that some of the complained-of actions occurred outside the limitation period, we cannot say, at this stage, that the facts alleged in the complaint plainly demonstrate that a cause of action is barred by the statute of limitation. See *Pino v. Ryan,* 49 F.3d 51, 53 (2d Cir.1995) (holding that sua sponte dismissal of a complaint is proper only if it appears on the face of the complaint that it is barred by the applicable statute of limitations). Accordingly, because of the dearth of information regarding Jayne's claims, we cannot conclude that amendment of his complaint will be futile. See *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 252 (3d Cir.2007) (observing that, in civil rights cases, "leave to amend must be granted sua sponte before dismissing" the complaint).

Accordingly, we will affirm in part, vacate in part, and remand the matter for further proceedings consistent with this opinion.