OPINION
PER CURIAM.
David Webb, proceeding pro se, appeals the order of the United States District Court for the Eastern District of Pennsylvania dismissing his personal injuiy action as frivolous. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).
In June 2009, Webb initiated this diversity action against Perkiomen School by filing a complaint and motion for leave to proceed before the district court in forma pauperis. Webb, a resident of South Dakota, alleged that, in May 1981, while a boarding student at the Perkiomen School, he was assaulted by a group of students. He alleged that the Perkiomen School employees never reported the incident to the police or to his legal guardian. On June 80, 2009, the district court granted Webb leave to proceed in forma pauperis but dismissed the complaint pursuant to 28 U.S.C. § 1915(e) on statute of limitations grounds. Webb timely appealed the ruling to this Court.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary view over the district court’s sua sponte dismissal. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000). Because we have granted Webb in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We will dismiss an appeal under § 1915(e) if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
The district court correctly dismissed Webb’s claim under § 1915(e)(2)(B), as his claim lacked an arguable basis in law. The statute of limitations for Webb’s action is governed by the personal injury statute of limitations in Pennsylvania, the state in which his cause of action accrued. That period is two years, subject to any state law tolling provisions which are not inconsistent with federal law. 42 Pa. Cons.Stat Ann. § 5524; see also Lake v. Arnold, 232 F.3d 360, 366 (3d Cir.2000). Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir.2001); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.1995).
Here, the incident underlying Webb’s complaint occurred in 1981, making it apparent from the face of the complaint that the two-year statute of limitations expired well before he filed suit in 2009. In his argument in support of his appeal, Webb asserts that the statute of *677 limitations should be equitably tolled because the defendants fraudulently concealed the assaults by failing to notify the local police and his legal guardian. However, equitable tolling occurs where the defendants have intentionally misinformed or concealed information from the plaintiff and the limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the action. Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir.1998); Walters v. Ditzler, 424 Pa. 445, 227 A.2d 833, 835 (1967). In his complaint, Webb alleges details of the assault, including awakening in a hospital room in May 1981. He also alleges that he has sustained many years of pain and suffering and subsequent injuries since the original injury in 1981. In other words, Webb expressly admits in his complaint that he learned of his injuries more than two years before he filed this lawsuit in June 2009.[1]
Accordingly, Webb’s claims were filed well beyond the expiration of the applicable statute of limitations and are now time barred. We find that there was no need to provide Webb an opportunity to amend his complaint because any amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002) (noting that amendment “must be permitted ... unless it would be inequitable or futile”). Because we conclude that Webb’s appeal lacks an arguable basis in law, we dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

. To the extent that Webb may have been a minor at the time of the assaults, Pennsylvania's “minor tolling statute," which tolls the two-year statute of limitations period until the minor plaintiff reaches the age of 18, also does not apply, since Webb filed more than twenty years following the incident. See 42 Pa. Cons.Stat. Ann. § 5533(b); see also Fanc-sali ex rel. Fancsali v. Univ. Health Ctr. of Pittsburgh, 563 Pa. 439, 761 A.2d 1159, 1164 (2000).