**DLD-014**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2952
_____

ASSEM A. ABULKHAIR,

                                                     Appellant

v.

PPI/TIME ZERO, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-02758)
District Judge: Honorable Jose L. Linares
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 on October 21, 2010

Before: BARRY, FISHER and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 27, 2010)
_____

OPINION
_____

PER CURIAM

        Assem Abulkhair appeals from an order of the District Court dismissing his pro se

complaint for failure to state a claim.  For the reasons that follow, we will summarily

affirm.

In May 2010, Abulkhair filed a complaint in the United States District Court for the District of New Jersey and sought permission to proceed in forma pauperis. The complaint named his former employer and alleged violations of the Fair Labor Standards Act ("FLSA"), the Americans with Disabilities Act ("ADA"), 5 U.S.C. § 6307, and contract law. All of these claims arose during two periods when Abulkhair worked for the defendant: from April 1989 to February 1990, and from December 2000 to July 2001.

Because Abulkhair was proceeding in forma pauperis, the District Court screened the case pursuant to 28 U.S.C. § 1915(e)(2). It found that the statute of limitations had run on all of Abulkhair's claims, and sua sponte dismissed the complaint for failure to state a claim. Abulkhair appealed.[1]

All of Abulkhair's claims stem from the time that he was employed by the defendant, so his cause of action accrued as late as July 2001, almost nine years before he filed his complaint. The statute of limitations for FLSA claims is two years, unless the violation is willful, in which case it is three years. 29 U.S.C. § 255(a). For ADA claims, the statute of limitations is borrowed from the state's limitations period for personal injury actions. Disabled in Action of Pennsylvania v. SEPTA, 539 F.3d 199, 208 (3d Cir. 2008). In New Jersey, the statute of limitations for personal injury actions is two years.

---

[1] We have jurisdiction to hear this appeal. 42 U.S.C. § 1291. Our review of a district court's dismissal for failure to state a claim is plenary. Umland v. PLANCO Fin. Serv., Inc., 542 F.3d 59, 63-64 (3d Cir. 2008). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. L.A.R. 27.4; I.O.P. 10.6.

N.J.S.A. § 2A:14-2(a). The statute of limitations for breach-of-contract claims is six years in New Jersey. § 2A:14-1. Thus, the District Court correctly concluded that all of these claims were well beyond the statute of limitations.[2]

In his argument in support of appeal, Abulkhair asserts that it is up to the defendants, and not the District Court, to raise a statute-of-limitations defense. Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir.2001); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.1995). Those conditions are met here. Although Abulkhair objects to the District Court's raising of the statute of limitations, he offers no basis to show that the statute of limitations should be equitably tolled.

District Courts are required to grant leave to amend complaints vulnerable to Rule 12(b)(6) dismissals, unless such amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, the District Court did not grant leave to amend or find that an amendment would be futile. However, for the reasons set forth above, we conclude that any amendment would have been futile.

Accordingly, we conclude that this appeal presents no substantial question, and we

---

[2] Although the complaint also invokes 5 U.S.C. § 6307, that statute does not apply to Abulkhair.

will affirm the judgment of the District Court.