DLD-039                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2543
_____

TYRELL TAYLOR HINES,
Appellant

v.

JOHN DOE, Operations and Shift Commander, Allentown, PD;
JOSEPH STAUFFER, Prosecutor; CHRISTOPHER CRUZ, Detective Supervisor;
JOHN GILL, Lead Detective; AMY SORIN, Public Defender;
KATHRYN R. SMITH, Public Defender; GARRY GLASCOM,
CHARLES BANTA, Court Appointed Attorney; MARIA L. DANTOS, Judge

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5-15-cv-02628)
District Judge:  Honorable Mark A. Kearney

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
November 5, 2015
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Filed: December 7, 2015)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Tyrell Hines appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because this appeal presents no substantial question, we will affirm.

Hines is a Pennsylvania state prisoner who was convicted for possession and distribution of narcotics. He brought an action under 42 U.S.C. § 1983 against various individuals who were involved with the search of his home, his subsequent arrest and criminal trial. He brought a claim against two detectives and a member of the Allentown Police Department staff, alleging that their role in the search of his property and subsequent arrest violated his constitutional rights. He also brought claims against the Judge who presided over his criminal trial, the Deputy District Attorney who prosecuted him, and the four defense attorneys who represented him in his criminal trial.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We will summarily affirm the District Court's order where there is no substantial question presented by the appeal. Third Circuit LAR 27.4 and I.O.P. 10.6.

This appeal presents no substantial question. The District Court correctly dismissed Hines' claims against the Judge and the Deputy District Attorney because they benefit from absolute immunity. See Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding that judges have immunity from suit for judicial acts); Imbler v. Pachtman, 424 U.S. 409, 423-28 (1976) (holding that prosecutors have immunity from suit for actions within the scope of their prosecutorial duties). The Court correctly dismissed Hines'

2

claims against his defense attorneys because they are not state actors. See West v. Atkins, 487 U.S. 42, 48 (1988) (holding that to state a claim under § 1983, a plaintiff must allege that the deprivation of a constitutional right was committed by a person acting under color of state law).[1] Finally, the Court correctly dismissed Hines' claims against the detectives and police staff to the extent that he complains of their statements as witnesses in his criminal trial, because witnesses enjoy absolute immunity. Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983).

The District Court also correctly concluded that his claims against the detectives and police staff were barred by the two-year statute of limitations in Pennsylvania. Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) as untimely where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir.2001); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.1995). The statute of limitations for § 1983 claims is governed by limitations period for state law personal injury claims. See Wallace v. Kato, 549 U.S. 384 (2007). In Pennsylvania, the statute of limitations is two years from the date the claim accrued. See 42 Pa. Cons. Stat. § 5524(2). Hines filed this civil action

---

[1] It appears from the complaint that Hines was trying to bring a Sixth Amendment claim of ineffective assistance of counsel against his defense attorneys. This is not a cognizable claim under § 1983; however, we dismiss this appeal without prejudice. Hines may therefore bring such a claim in the context of a habeas petition.

in 2015, but he states in his complaint that the search of his house and subsequent arrests took place in 2012. Hines was therefore time-barred from bringing his claims against these Appellees.

As this appeal presents no substantial question, we will summarily affirm.