BLD-057                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3752
_____

SHAWN WHITENIGHT,
Appellant

v.

THE COMMONWEALTH OF PENNSYLVANIA STATE POLICE;
MAJOR TYREE BLOCHER; JOHN DOE 1, State Police Trooper;
JOHN DOE 2, State Police Trooper; JOHN DOE 3, State Police Trooper;
JOHN DOE 4, State Police Trooper;
OFFICER MICKEY STORMER, Brookville Police Department
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-16-00553)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2016

Before: AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Filed: January 4, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Shawn Whitenight, an inmate, appeals the District Court's orders dismissing his civil rights lawsuit and denying his motion for reconsideration. We will affirm.

On April 22, 2016, see Houston v. Lack, 487 U.S. 266, 276 (1988), Whitenight filed suit under 42 U.S.C. § 1983 alleging that several police officers used excessive force when they arrested him on December 17, 2013. On July 26, 2016, Whitenight filed a motion for leave to file an amended complaint, to which he attached a proposed amended complaint. On August 10, 2016, the District Court issued an order granting him leave to file the amended complaint but dismissing it on the basis that the civil rights claims were time-barred. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Whitenight then filed a timely motion for reconsideration. The District Court denied the motion. Whitenight timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We exercise plenary review over the District Court's order dismissing the complaint. See Allah, 229 F.3d at 223. We review the denial of the motion for reconsideration of the District Court's judgment for abuse of discretion. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v.

2

Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995). For § 1983 actions based on conduct in Pennsylvania, the statute of limitations is two years from the date the claim accrued. See 42 Pa. Cons. Stat. § 5524(2); Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." Kach, 589 F.3d at 634 (internal quotation marks omitted).

The events which gave rise to this litigation occurred on December 17, 2013. Whitenight filed his complaint on April 22, 2016, or two years and four months later. Whitenight argued, however, that his claims were timely on the basis of the discovery rule. The discovery rule tolls the statute of limitations until a plaintiff, exercising reasonable diligence, actually discovers his injury. Lake v. Arnold, 232 F.3d 360, 367 (3d Cir. 2000). Whitenight contended that the discovery rule was applicable because he did not become aware of his injuries until he received the results of a May 14, 2014 MRI scan at a hospital.

As the District Court correctly noted, the face of Whitenight's amended complaint belies his assertion that he did not become aware of his injuries until he received the results of the later-acquired medical test. Whitenight stated in the amended complaint that while he was being arrested on December 17, 2013, he "advised [the officers] he was in a lot of pain from the excessive force," that after he was brought to the police station he "advised [an officer] of being in pain, could not sit down due to the pain," and that for

3

the next few days he "could not move from the pain or even eat."  Doc. No. 35-2 at ¶¶ 35, 42, 46.  As Whitenight was aware of his injuries when he was being arrested, which was over two years before he filed this lawsuit, the District Court correctly concluded that his claims were untimely.  See Kach, 589 F.3d at 634.

Because this appeal presents us with no substantial question, we will summarily affirm the judgment of the District Court.  See 3rd Cir. LAR 27.4 and I.O.P. 10.6.  We also deny Whitenight's request for appointment for counsel.[1]

---

[1] In its August 24, 2016 order denying the motion for reconsideration, the District Court also addressed Whitenight's motion to join the claims in this lawsuit with those he has filed against the county jail and the state prison where he was held after he was arrested. The District Court denied the motion as moot because it was filed after the amended complaint was dismissed as untimely, and further noted that "[e]ven if [Whitenight] had brought all of his claims in one civil action initially, the Court would have still dismissed the claims against the arresting officers as untimely filed."  We agree with the District Court's analysis, and conclude that it did not abuse its discretion in denying the motion. See Thompson v. Boggs, 33 F.3d 847, 858 (7th Cir. 1994) (holding that denial of joinder motion is reviewed for abuse of discretion).